**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZIEL WEIDMAN, | C 06-4113 MMC (PR) |
| Plaintiffs, | **ORDER DIRECTING MARSHAL TO SERVE DEFENDANT DR. FRIEDMAN; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR DEFENDANT DR. ROSENTHAL; GRANTING PLAINTIFF'S MOTION TO DISMISS STATE LAW CLAIMS** |
| vs. | |
| MICHAEL L. FRIEDMAN, M.D., et al., | |
| Defendant(s). | (Docket No. 9) |

On June 30, 2006, plaintiff, a California prisoner currently incarcerated at the California Training Facility ("CTF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against six CTF officials. On December 11, 2006, the Court found the complaint, when liberally construed, stated a claim against five of the defendants, specifically, Chief Medical Officer Michael L. Friedman, M.D. ("Dr. Friedman"), Dr. Grewal, Dr. Dayalan, Dr. Rosenthal, and Dr. Ahmed.[1]  In its December 11, 2006 Order, the Court directed the United States Marshal to serve said five defendants at CTF, where plaintiff indicated they were located.  The Marshal successfully served three of the defendants at CTF,[2] but returned the summons unexecuted as to Dr. Friedman and Dr. Rosenthal because they were not located at CTF.  In that regard, the Marshal attached a letter from CTF, indicating that Dr. Friedman now works at the California Mens Colony in San Luis Obispo,

---

[1] Claims against the sixth defendant, N. Grannis, were dismissed.

[2] A motion for summary judgment by those three defendants was filed on March 8, 2007; plaintiff's opposition thereto is presently due on or before June 6, 2007.

1 California, and that Dr. Rosenthal "left state service a long time ago"; no new address was
2 provided for Dr. Rosenthal.

3  In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court
4 shall issue and serve all process." 28 U.S.C. § 1915(d).  The court must appoint the Marshal
5 to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must
6 serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
7 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely
8 on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate
9 such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate
10 defendant and attempt to remedy any apparent defects of which [he] has knowledge."
11 Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

12  Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a
13 showing of "good cause," is subject to dismissal without prejudice as to the unserved
14 defendants.  See Fed. R. Civ. P. 4(m).  As it appears that Dr. Friedman now works at the
15 California Mens Colony, the Marshal will be directed to attempt service upon him at that
16 location.  As for Dr. Rosenthal, however, plaintiff has not provided sufficient information to
17 allow the Marshal to locate and serve him, and consequently plaintiff must remedy the
18 situation or face dismissal of his claims against said defendant.  See Walker v. Sumner, 14
19 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be
20 dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with
21 sufficient information to effectuate service).

22  Accordingly, the Court hereby orders as follows:

23  1.  The Clerk of the Court shall re-issue summons and the United States Marshal
24 shall serve, without prepayment of fees, a copy of the complaint in this matter, and all
25 attachments thereto, upon **Michael L. Friedman, M.D. at the California Mens Colony in**
26 **San Luis Obispo, California.**  Within **60 days** of the date this order is filed, Dr. Friedman
27 shall either file a dispositive motion or a notice that he is joining the motion for summary
28 judgment filed by defendants Dr. Grewal, Dr. Dayalan, and Dr. Ahmed.  Plaintiff's

1 opposition to the pending motion for summary judgment, and to any separate motion filed by
2 Dr. Friedman, is due on or before **July 9, 2007**.  Defendants <u>shall</u> file a reply within **14 days**
3 of the date any opposition is filed.

       2.    Plaintiff must either himself effect service on defendant Dr. Rosenthal, or provide the Court with an accurate current location such that the Marshal is able to effect service.  <u>If plaintiff fails to effectuate service on defendant Dr. Rosenthal, or provide the Court with an accurate current location for said defendant, within **thirty (30) days** of the date this order is filed, plaintiff's claims against said defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

       3.    Good cause appearing, plaintiff's motion, filed January 25, 2007, to voluntarily dismiss his state law claims, is hereby GRANTED, and plaintiff's state law claims are hereby DISMISSED.

This order terminates Docket No. 9.

SO ORDERED.

DATED: April 13, 2007

_____
MAXINE M. CHESNEY
United States District Judge